**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE M. SIMONS,

Defendant - Appellant.

Nos. 14-3047 and 14-3048
(D.C. Nos. 6:09-CR-10032-MLB-1
and 6:13-CR-10080-MLB-1)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Lawrence Simons appeals the substantive reasonableness of two sentences imposed by the district court—a fifty-one month sentence for felon in possession of a firearm and unlawful possession of a controlled substance and a twenty-four month sentence imposed for actions violating the terms of his supervised release

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

for a prior conviction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Seeing no reversible error, we AFFIRM.

## I. Background[1]

In 2009, Simons pleaded guilty to unlawfully distributing a controlled substance. The district court sentenced him to twenty-four months in prison, to be followed by three years of supervised release. In 2013, he was convicted of being a felon in possession of a firearm and unlawful possession of a controlled substance. The facts of that new conviction led Simons's probation officer to file a petition seeking revocation of Simons's supervised release based on three violations: (1) commission of new crimes, (2) possession of a firearm, and (3) failure to notify of a change in residence.

The court simultaneously sentenced Simons on the new conviction and the supervised release violation. On the new conviction, the court imposed a fifty-one month sentence. For the supervised release violation, the court imposed a twenty-four month sentence, to run consecutively to the fifty-one month sentence.

## II. Analysis

We review the substantive reasonableness of a sentence imposed by a district court for abuse of discretion. *United States v. Ruby*, 706 F.3d 1221, 1225

---

[1] There are two records on appeal in this consolidated case. Cites to the record in case number 14-3048 are formatted R., Vol. __; cites to the record in case number 14-3047 are formatted SR., Vol. __.

(10th Cir. 2013).  "We review findings of fact, however, for clear error and legal determinations de novo."  *Id.*

### A. Fifty-One Month Sentence

Under our review for abuse of discretion, a sentence is only substantively unreasonable if it exceeds "the bounds of permissible choice, given the facts and the applicable law."  *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).  A district court must consider 18 U.S.C. § 3553(a)'s factors in sentencing. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008).  But we defer to the balance the district court struck among § 3553(a)'s factors unless the balance was "arbitrary, capricious, or manifestly unreasonable."  *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).  And we presume reasonableness if the sentence is within the properly calculated guideline range recommended by the United States Sentencing Guidelines.  *Chavez*, 723 F.3d at 1233.  A defendant bears the burden of rebutting that presumption in light of § 3553(a)'s factors.  *Id.*

This fifty-one month sentence was imposed pursuant to Simons's convictions for felon in possession of a firearm and possessing a controlled substance.  The Guidelines imprisonment range was forty-one to fifty-one months. Thus, we presume the district court did not abuse its discretion.

Simons fails to rebut that presumption.  Nothing supports his claim that the court placed a "manifestly unreasonable" emphasis on the factor requiring the sentence to reflect the seriousness of the offense.  Simons simply attempts to

reargue the district court's finding that Simons did not possess the firearm for self-defense. He asserts he did in fact possess it for that purpose and that the district court overestimated the seriousness of the offense by finding otherwise. But none of his arguments show the finding was clearly erroneous or that it caused the court to unduly emphasize this factor.

Simons also claims the court unreasonably emphasized the factor requiring the sentence to promote respect for the law by commenting on the contrast between Simons's admission at sentencing that he had possessed the gun and his claims at trial that he had not. But Simons merely offers conclusory assertions that the court's observation led it to overweight that factor. He also suggests the comments penalized him for exercising his right to a trial. But he cites no authority supporting that claim, and our independent research reveals none.

The court expressly announced that it had "considered the factors under [§] 3553." R., Vol. III. at 355. Moreover, it provided a detailed outline of its reasoning on nearly every factor. That suffices, particularly because we do not require that district courts "consider individually each factor listed in § 3553(a) before issuing a sentence." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005). Simons's arguments amount to a disagreement with the court's factual findings and how it weighed the factors, not a showing that the weighing was unreasonable. He cannot rebut the presumption that this sentence was reasonable.

-4-

### B. Twenty-Four Month Sentence

When a defendant violates the terms of his supervised release, a court may revoke the supervised release and impose prison time. 18 U.S.C. § 3583(e)(3). The revoking court may require the defendant to serve "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." *Id.* But a defendant cannot be required to serve more than two years in prison under such a revocation if the underlying offense was a class C felony. *Id.* Because Simons's underlying offense was a class C felony, the statutorily permitted maximum sentence under this revocation was twenty-four months.

The Guidelines contain policy statements that recommend sentence ranges for supervised release violations. *See* USSG. § 7B1.3(a). The recommended range here was four to ten months. A court must consider the Guideline policy statements, but our review for substantive reasonableness is limited to ensuring that the court did not abuse its discretion. *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). And that abuse of discretion review applies to all sentences—"whether inside, just outside, or significantly outside the Guidelines range." *Smart*, 518 F.3d at 806. Thus, if a district court's reasoning sufficiently supports its statutorily permissible variance from a Guidelines recommendation,

we give "due deference" to its determination that the variance was appropriate in light of all the § 3553(a) factors. *See id.* at 807.

That due deference resolves this case. Although the district court's sentence upon revocation exceeded the Guidelines range, it was within the statutorily permitted range of twenty-four months. Moreover, the court properly weighed the § 3553(a) factors. Importantly, because the court only considered the supervised release violations stemming from the criminal actions leading to the fifty-one month sentence, the considerations for the fifty-one month sentence tracked those for the supervised release violation sentence. Consequently, the fairest reading of the judge's statement that "I've considered everything and I feel that [the twenty-four month sentence] is appropriate under both the statutory and policy statements" is that it incorporated the detailed analysis of the § 3553(a) factors justifying the fifty-one month sentence. R., Vol. III at 364–65.[2]

The district court's incorporation of that detailed analysis sufficed to support this variance. The court (1) highlighted the seriousness of the "nature and circumstances" of the violations (possession of a firearm by a felon and possession of a controlled substance); (2) detailed Simons's "history and

---

[2] Both parties understand the statement as doing just that. *See* Aplt. Br. at 15; Aple. Br. at 21–22. Indeed, Simons's chief challenge on appeal to the substantive reasonableness of the twenty-four month sentence carries forward the objections he made to the fifty-one month sentence on the understanding that the reasoning for both sentences was identical. Aplt. Br. at 15.

characteristics," going so far as to note his psychological profile; (3) considered the "need for the sentence imposed to reflect the seriousness of the offense" in light of Simons's lack of respect for the law; (4) noted the failure of Simons's previous convictions to provide "adequate deterrence"; (5) noted the consequent need to "protect the public" by imposing a lengthy sentence; (6) found that Simons needed no correctional treatment and that this was the most appropriate sentence under the circumstances; and (7) found that there was no danger of an unwarranted sentence disparity.  R., Vol. III at 352–57.

Simons's claims that this detailed analysis unreasonably weighed the factors fail for the same reason they failed to call the fifty-one month sentence into question.  And our deference to statutorily permissible variances from the Guidelines forecloses his claim that the sentence was unreasonably harsh.

## III. Conclusion

For the foregoing reasons, we AFFIRM the substantive reasonableness of Simons's sentences.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

-7-