**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MORRIS RICHARD JONES, III,

    Defendant - Appellant.

No. 16-5036
(D.C. No. 4:06-CR-00160-JHP-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Appellant Morris Richard Jones, III, challenges his four-year prison sentence for his second violation of supervised release as substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm his sentence.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.  BACKGROUND

### A.  *Underlying Conviction and Sentence*

On February 28, 2007, Mr. Jones pled guilty to (1) using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court sentenced him to 84 months in prison, followed by a five-year term of supervised release.

### B.  *Violations of Supervised Release*

On November 23, 2012, Mr. Jones began serving his term of supervised release. As a condition of release, Mr. Jones agreed not to possess or use controlled substances. Finding that Mr. Jones had violated that condition by using the controlled substance phencyclidine ("PCP"), the district court revoked Mr. Jones's supervised release in February 2015.  The court sentenced Mr. Jones to 12 months in prison, followed by a four-year term of supervised release with the same condition not to possess or use controlled substances.

On February 1, 2016, Mr. Jones began serving his second term of supervised release.  On February 9, 2016, Mr. Jones tested positive for PCP.  On February 24, 2016, he admitted his PCP use to his probation officer, who then moved to revoke Mr. Jones's supervised release.

### C.  *The Court's Sentencing Decision*

The district court held a hearing on the revocation motion on March 23, 2016. Before the hearing, the probation officer submitted a memorandum to the court that

calculated Mr. Jones's criminal history as category IV and his offense as a Grade C violation under the United States Sentencing Guidelines ("the Guidelines"). Those figures produced a recommended Guidelines range of six-to-twelve months in prison.

At the hearing, the court found Mr. Jones had violated the terms of his supervised release by using PCP. Mr. Jones did not contest that finding. The court then turned to sentencing. It acknowledged the Guidelines range of six-to-twelve months and noted 18 U.S.C. § 3583(e)(3) allowed for terms of up to five years for his § 924(c) offense and two years for his § 922(g)(1) offense.

The government urged the court to "look towards the higher end of the [G]uidelines" because this was Mr. Jones's second violation of supervised release and he had violated his conditions shortly after his release from prison. Defense counsel urged leniency, highlighting that Mr. Jones's offense arose from his easy access to PCP and the troubles he faced in being away from his family.

The court imposed a sentence of four years in prison for the § 924(c) offense and two years for the § 922(g) offense, to run concurrently. The court justified its decision to vary upward from the Guidelines based on (1) policy statements in the Guidelines, (2) the nature and circumstances of Mr. Jones's violations, (3) Mr. Jones's history and characteristics, (4) the statutory authorizations in 18 U.S.C. § 3583(e)(3), and (5) the need for the sentence to be reasonable, provide "just punishment for noncompliance," promote respect for the law, deter Mr. Jones and others, and protect the public. ROA, Vol. II at 21-22. The court stated: "Mr. Jones, you have shown little regard for the rules and

conditions of supervised release by using illegal drugs while on supervised release." *Id.* at 22.

The court also stated that "a sentence *within* the [G]uideline[s] range of imprisonment is an appropriate punishment in this case." *Id.* (emphasis added). As discussed more below, Mr. Jones argues that statement warrants reversal because it contradicts the court's ruling imposing a sentence above the Guidelines range.

## II.  DISCUSSION

On appeal, Mr. Jones challenges only the substantive reasonableness of his sentence and not its procedural reasonableness.[1]  We reject his challenge and affirm.

### A.  *Standard of Review*

We review sentences for "reasonableness," which has both a procedural and substantive component. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Review for procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the

---

[1] The government notes that Mr. Jones did not challenge the substantive reasonableness of his sentence in district court. A defendant's failure to raise a substantive-reasonableness challenge in district court does not foreclose our review of it on appeal. *See United States v. Walker*, -- F.3d --, 2017 WL 34457, *2 (10th Cir. Jan. 4, 2017) ("Generally, claims of substantive reasonableness need not be raised in district court.").

circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotations omitted).

"When reviewing a sentence for substantive reasonableness, [we] employ[] the abuse-of-discretion standard, a standard requiring substantial deference to district courts." *Id.* (citations and quotations omitted). The abuse-of-discretion standard applies regardless of whether the sentence is inside or outside the Guidelines range. *Gall*, 552 U.S. at 51.

Under the abuse-of-discretion standard, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* Sentences falling within the Guidelines range may receive a presumption of reasonableness. *Id.* But the inverse is not true, as sentences falling outside the Guidelines range may not receive a presumption of unreasonableness. *Id.*

### B. *Legal Standard*

A district court may vary from the sentencing range under the Guidelines after conducting an "individualized assessment" of the facts and considering the relevant 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50. When revoking a term of supervised release, the relevant § 3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the offender; (2) the need for a sentence to reflect the basic aims of punishment including (a) to deter criminal conduct, (b) to protect the public, and (c) to provide the defendant with needed educational, vocational, medical, or correctional training or treatment; (3) the applicable Guidelines range; (4) any

pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; and (6) the need for restitution. 18 U.S.C. §§ 3583(e), 3553(a).

Before varying from the Guidelines, the district court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. Larger variances from the Guidelines require a more "significant justification." *Id.*

### C. *Analysis*

Mr. Jones asks us to find his sentence substantively unreasonable by comparing the court's upward variance from 12 months (the upper end of the Guidelines range) to 48 months—a 300 percent increase—to the percentage variances in other cases where we have addressed substantive reasonableness challenges. The Supreme Court has warned against "a rigid mathematical formula that uses the percentage of a [variance] as the standard for determining the strength of the justifications required for a specific sentence." *Id.* at 47. Instead, we must determine whether the court had a "sufficiently compelling" justification to support the variance. *Id.* at 50. The district court must have provided a more "significant justification" to support a large variance. *Id.* The Supreme Court has rejected, however, that a court must provide "extraordinary" justifications to vary from the Guidelines range. *Id.* at 47.

The district court provided sufficient justification here, relying on several relevant § 3553(a) factors. Specifically, the court reasoned that the history and characteristics of Mr. Jones—the first § 3553(a) factor—supported an upward variance because Mr. Jones had "shown little regard for the rules and conditions of supervised release by using illegal

drugs while on supervised release." ROA, Vol. II at 22. The court also stated that an upward variance furthered several relevant penal purposes—the second § 3553(a) factor—including to (a) specifically deter Mr. Jones from committing other crimes, (b) generally deter others from committing such crimes, and (c) protect the public. The court's reliance on general deterrence is "particularly important" to justify a substantial deviation from the Guidelines range. *Walker*, 2017 WL 34457, at \*3.

Mr. Jones faults the district court's reasoning, characterizing it as "paltry and perfunctory." Aplt. Br. at 12. We disagree. Although the court stated only briefly how each pertinent § 3553(a) factor applied, we have rejected substantive-reasonableness challenges with a less-thorough articulation of reasons. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (rejecting a substantive-reasonableness challenge when the defendant argued the court "made only a passing reference to a single sentencing factor"). Relatedly, the court did not rely too heavily on one factor to the exclusion of countervailing factors. *See Walker*, 2017 WL 34457 at \*4 (holding a sentence was substantively unreasonable when the court focused "almost exclusively" on one factor and "failed to give any weight" to other relevant factors). And although the sentence exceeded the Guidelines range, it fell within the statutorily permitted ranges of 48 and 24 months for Mr. Jones's § 924(c) offense and § 922(g)(1) offense, respectively.[2]

---

[2] On appeal, Mr. Jones does not challenge that his sentence was authorized under § 3583. Under § 3583(b), a court may impose terms of supervised release for a class A felony of not more than five years and for a class C felony of not more than three years. Under § 3583(e)(3), a court may "revoke a term of supervised release,

Continued . . .

*See United States v. Simons*, 592 F. App'x 717, 720 (10th Cir. 2014) (unpublished) (denying a substantive reasonableness challenge to a sentence of 24 months, an upward departure from the four-to-ten month Guidelines range, when the sentence was statutorily authorized under § 3583(e)(3)).[3] We thus find the court's reasoning here—based on several § 3553(a) factors that each support an upward variance—sufficiently compelling and significant to withstand Mr. Jones's substantive-reasonableness challenge.

Mr. Jones's remaining arguments fail to persuade us otherwise.

First, Mr. Jones argues the court's statement that a sentence "within" the Guidelines range was appropriate contradicts its decision to sentence Mr. Jones outside the Guidelines range. Read in the context of the court's entire sentencing decision, this was a misstatement. By stating that the four-year sentence was "within the authority specified in United States Code, Section 3583(e) (3)," ROA, Vol. II at 22, the court mitigated any potential confusion about its intent to sentence Mr. Jones outside the

---

and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." The prison term, however, must not exceed five years if the offense that resulted in the term of supervised release is a class A felony, and two years if the offense is a class C felony. *Id.*

The district court here determined that Mr. Jones's § 924(c) offense is a class A felony and the § 922(g)(1) offense is a class C felony. ROA, Vol. II at 18. We agree, and Mr. Jones does not dispute those classifications. *See* 18 U.S.C. § 3559 (providing the criteria to classify felonies). Mr. Jones's four-year sentence was therefore authorized under § 3583(e)(3).

[3] We find the reasoning of this unpublished opinion, though not precedential, to be instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

Guidelines range. The court also omitted the contradictory statement in its written statement of reasons.

Second, Mr. Jones raises various arguments that challenge the use of incarceration to punish drug addicts. His arguments, however, are insufficient to undermine the district court's justifications based on the § 3553(a) factors and are best addressed to Congress.

## III. **CONCLUSION**

Because the district court's sentencing decision was substantively reasonable under the deferential abuse-of-discretion standard, we affirm.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge