FILED
United States Court of Appeals
Tenth Circuit

December 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAURENCE ROBERT RHEA,

    Defendant - Appellant.

No. 17-7071
(D.C. No. 6:07-CR-00065-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Laurence Rhea challenges the substantive reasonableness of his 36-month

sentence for his second violation of supervised release.  Exercising jurisdiction under

18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm Rhea's sentence.

I.

In November 2007, Rhea pled guilty to possession with intent to distribute and

distribution of cocaine base.  He was sentenced to 120 months' imprisonment,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

followed by a 60-month term of supervised release. The court imposed mandatory and standard conditions on Rhea's supervised release. As relevant here, the mandatory conditions provided that Rhea "shall not commit another federal, state or local crime"; "unlawfully possess a controlled substance"; and must "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court." ROA, Vol. I, at 31. The standard conditions required Rhea to answer "truthfully all inquiries by the probation officer" (Standard Condition #3); "notify the probation officer at least ten days prior to any change in . . . employment" (Standard Condition #6); and "refrain from excessive use of alcohol [or] . . . any controlled substance . . . except as prescribed by a physician" (Standard Condition #7). *Id.*

Rhea served the custodial portion of his sentence and entered supervised release on June 19, 2015. In less than six months, Rhea violated all three above-mentioned standard conditions. He tested positive for cocaine during a urine drug screening conducted on November 10, 2015, violating Standard Condition #7. Rhea did not show up for work November 9–11, lost his job, and failed to inform his probation officer until two weeks later, violating Standard Condition #6. Rhea also violated Standard Condition #3 by failing to truthfully respond to his probation officer's inquiries about his drug use. Rhea's probation officer reported these violations to the court. Per the probation officer's recommendation, no action was taken in response to Rhea's violations of his supervised release.

2

In the year that followed, Rhea disregarded Standard Condition #7 on at least five separate occasions. And on two occasions, the Oklahoma police arrested Rhea—once for public intoxication; once for driving under the influence of alcohol—in violation of the mandatory condition that Rhea abstain from criminal activity. After each violation of his supervised release, the probation officer did not seek court action and instead referred Rhea to outpatient substance abuse counseling.

On January 21, 2017, Oklahoma police arrested Rhea for the third time when he was caught transporting an open container of alcohol. In response to this violation and all prior violations, the probation officer petitioned the court to revoke Rhea's supervised release. The court issued a warrant for Rhea's arrest.

At the revocation hearing, Rhea stipulated to the allegations in the probation officer's petition to revoke his supervised release. The statutory maximum for violating a condition of supervised release is 60 months' imprisonment. 18 U.S.C. § 3583(e). Rhea's guideline sentencing range is 6–12 months. *See* ROA, Vol. II, at 14; *see also* U.S.S.G. § 7B1.4(a) (U.S. Sentencing Comm'n 2016). Both the government and the probation officer asked the court to sentence Rhea on the low-end of the guideline range. Supp. ROA at 10–12. The district court decided to give Rhea a "second chance," *id.* at 13, and sentenced Rhea to six months, the bottom of the guideline range, with credit for the three months already served.

Defendant discharged his remaining three months' imprisonment and began a new term of supervision on July 28, 2017. Ten days later, Oklahoma police arrested Rhea for driving under the influence, transporting an open container of alcohol, and

3

failing to carry a current security verification form in his car. On August 11, 2017, the probation officer filed a second petition to revoke Rhea's supervision.

Before the second revocation hearing, Oklahoma dismissed all charges except the open container charge. Rhea stipulated that he had consumed alcohol and that there was an open container of alcohol in his car. The district court ruled that Rhea "has shown little regard for the rules and conditions of supervised release" and sentenced him to 36 months' imprisonment. ROA, Vol. II, at 19.

## II.

On appeal, Rhea challenges the substantive reasonableness of his 36-month sentence. Aplt. Br. at 7. Reviewing for abuse of discretion, *see United States v. Haymond*, 869 F.3d 1153, 1157 (10th Cir. 2017), we affirm.

"[T]he district court may impose any sentence within the statutory maximum," *United States v. Vigil*, 696 F.3d 997, 1002 (10th Cir. 2012), provided the sentence is not "arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010). And since the "sentencing judge is in a superior position to find facts and judge their import," an appellate court gives "due deference to the district court's decision" that a variance is justified. *Gall v. United States*, 552 U.S. 38, 51 (2007) (quotations omitted); *Cf. United States v. Jones*, 678 F. App'x 626, 628–29 (10th Cir. 2017) (unpublished) (applying *Gall* to sentences imposed for revocation of supervised release).

The district court's conclusion that Rhea's conduct merited an upward variance is substantively reasonable. The 36-month sentence, while above the

4

guideline range, was well within the statutory maximum of 60 months. *See* 18 U.S.C. § 3583(e). The court justified the sentence by consulting the proper § 3553(a) factors. As to the first § 3553(a) factor, the history and characteristics of the defendant, the court noted that Rhea has repeatedly violated his supervised release conditions. The court emphasized that Rhea's latest arrest was in "close proximity" to the previous revocation hearing. ROA, Vol. II, at 18. The court also explained, in reference to § 3553(a)(2)(B), that an upward variance was necessary to provide "an adequate deterrent" to future violations of supervised release conditions. *Id.* at 19. We conclude that the district court identified "sufficiently compelling" justifications for an upward variance. *Gall*, 552 U.S. at 50. Therefore, Rhea's sentence was not an abuse of discretion.

Indeed, Rhea's sentence is quite similar to the revocation sentence we affirmed in *Jones*. Jones violated a condition of his first supervised release by using narcotics. *Jones*, 678 F. App'x at 627. The court sentenced Jones to 12 months' imprisonment, followed by a four-year term of supervised release on the condition that he not possess or use controlled substances. *Id.* After one year, Jones was released from prison and began his second term of supervised release. *Id.* Eight days into his supervision, Jones tested positive for illegal drugs. *Id.* The court sentenced him to 48 months' imprisonment for violating the conditions of his supervised release, and we affirmed that sentence as substantively reasonable. *Id.* at 628, 630. We conclude that Rhea's 36-month sentence for violating (in ten days) his second term of

supervised release is no more an abuse of discretion than was Jones's 48-month sentence for violating (in eight days) his second term of supervised release.

Rhea's assertion that his sentence is incommensurate with his "one act" of "drinking a beer and driving," Aplt. Br. at 9, misconceives the offense that revocation sentences punish. Disregarding the terms of supervised release is "a breach of trust" to be sanctioned separately from the underlying misconduct. *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005); *see also* U.S.S.G. § 7A, introductory cmt. (3)(b) (advising that revocation sentences should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation"). Here, it was not manifestly unreasonable for the district court to conclude that Rhea's decision to violate the conditions of his second supervised release just ten days after release is a substantial breach of trust warranting an upward variance.

III.

We conclude that the district court's sentencing decision was substantively reasonable and AFFIRM Rhea's sentence.

Entered for the Court


Allison H. Eid
Circuit Judge

6